1094

Otis Barnard GOWENS, Appellant, v Bernice Susan GOWENS, Respondent.

(366 S. E. (2d) 29)

Court of Appeals

*James D. Calmes, III*, Greenville, *for appellant.*

*Donald L. Van Riper*, Greenville, *for respondent.*

Submitted Jan. 20, 1988.

Decided Feb. 30, 1988.

SANDERS, Chief Judge:

This is an appeal from an order of the Family Court reopening a case to permit additional testimony. We dismiss the appeal.

Appellant Otis Barnard Gowens petitioned the Family Court seeking a divorce, a restraining order and visitation with the minor child of the parties. Respondent Bernice Susan Gowens answered and counterclaimed, also seeking a divorce and seeking, in addition, support for the child and attorney fees.

Following a hearing, the Court issued a divorce decree granting Mr. Gowens the relief he sought and granting Mrs. Gowens custody of the child and child support in the amount of $30 per week. The hearing was attended by Mr. Gowens and his lawyer, as well as the lawyer for Mrs. Gowens, but was not attended by Mrs. Gowens herself.

Mrs. Gowens thereafter moved for additional findings and amendment of the divorce decree on the ground she had gone to the county courthouse in the mistaken belief the hearing was being held there, and by the time she arrived at the correct location, it had been concluded. The Court granted her motion for the limited purpose of allowing her to testify. It does not appear from the record before us on appeal that her testimony has been received or that the divorce decree has been amended.

The order of the Family Court is not immediately appealable.

Our Supreme Court has held the right to appeal is controlled by Section 14-3-330, Code of Laws of South Carolina, 1976. *Jefferson v. Gene's Used Cars, Inc., et al,* Order dated January 19, 1988, Davis's Advance Sheet No. 2 (1988); *North Carolina Federal Savings & Loan Association v. Twin State Development Corp.,* 289 S.C. 480, 347 S.E. (2d) 97 (1986). Section 14-3-330 would appear, on its face, to be applicable only to law cases. We recognize the instant case is an equity case. However, *North Carolina Federal* was also an equity case and the Court nevertheless held the Code section controlled the right to appeal in that case. The order in the instant case is obviously not among those orders made appealable by Section 14-3-330. Of course, if the Family Court should hereafter decide to amend the divorce decree, either based on the testimony of Mrs. Gowens or on some other basis, Mr. Gowens could appeal at that time.[1]

For these reasons, the appeal in this case is

Dismissed.

GARDNER and BELL, JJ., concur.

---

[1] Mr. Gowens argues Mrs. Gowens proceeded under the wrong rule of the South Carolina Rules of Civil Procedure. He argues her only remedy was under Rule 60(b), and she should not have proceeded under Rule 52(b). In dismissing this appeal, we obviously do not decide this issue or any other issue regarding whether the trial judge erred in reopening the case. Mr. Gowens may, of course, present these issues in any subsequent appeal.